IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE DAVIDSON ) | |
| ) | Civil Action No. 10 - 272 |
| Plaintiff, ) | |
| ) | Judge Gary L. Lancaster / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| JEFFREY BEARD and CATHERINE ) | |
| McVEY, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that this case be transferred to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1406(a).

**II.  REPORT**

Plaintiff, Terrance Davidson, an inmate in custody at the State Correctional Institution at Mercer, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. In his Complaint, Plaintiff asserts claims under 42 U.S.C. §1983 against DOC Secretary Beard and Pennsylvania Board of Probation and Parole Chairman Catherine McVey in their official capacities.

Defendants have filed a Motion to Dismiss (ECF no. 21) asserting, *inter alia*, that this action should be dismissed because it was filed in the wrong venue. In this regard, Plaintiff's action is a federal claim under 42 U.S.C. § 1983. Because 42 U.S.C. § 1983 contains no specific venue provision, the general venue requirements of 28 U.S.C. § 1391 are applicable to this suit. *See* Urrutia v. Harrisburg County Police Department, 91 F.3d 451, 462 (3d Cir. 1996); Buhl v. Jeffes,

435 F. Supp. 1149 (M.D. Pa. 1977). The applicable section is 28 U.S.C. § 1391(b), which provides as follows.

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In the case at bar, Plaintiff expressly states in his Complaint that he is suing Beard and McVey in their official capacities. Likewise, he is challenging the statewide "custom, practice or policy" of the DOC and PBPP of denying paroled sex offenders, like himself, "release from imprisonment to residential centers because irrational and stereotypical community opposition to housing sex offenders in such centers has virtually eliminated the availability of beds for them in these facilities." (ECF no. 9).

As noted by Defendants, for purposes of venue a state official's residence is located at the state capitol, even where branch offices of the state official's department are maintained in other parts of the state. Stanton-Negley Drug Co., v. PA Department of Public Welfare, et al., Civil No. 07-1309, 2008 WL 1881894, *4 (W.D. Pa. April 24, 2008) (citing Leroy v. Great Western United Corp., 443 U.S. 173 (1979)). Consequently, a State Official sued in his or her official capacity in Pennsylvania is deemed to reside in Harrisburg, Pennsylvania, which is within the Middle District of Pennsylvania. *Id*. Accordingly, the Middle District is where proper venue lies for this complaint, where plaintiff sues both named Defendants in their official capacities.

Defendants seek dismissal of this action under 28 U.S.C. § 1406(a), which provides as follows.

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. §1406(a).

The Court believes that transfer is proper under section 1406(a) as Plaintiff specifically has sued Defendants only in their official capacities. Moreover, it is likely that any potential witnesses are located within the Middle District. As such, it appears that it is in the best interest of justice to transfer this action to the United States District Court for the Middle District under 28 U.S.C. § 1406(a).

### III. **CONCLUSION**

Based on the discussion above, it is respectfully recommended that this case be transferred to the United States District Court for the Middle District under 28 U.S.C. § 1406(a).

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: July 30, 2010

cc:	Terrance Davidson
	DN - 7320
	SRCF Mercer
	801 Butler Pike
	Mercer, PA  16137